92 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Daniel STEWARD, Defendant-Appellee.
 No. 95-10193.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1995.
Decided Aug. 1, 1996.
 
 1
 Before: O'SCANNLAIN and LEAVY, Circuit Judges, MOSKOWITZ,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Daniel Steward appeals his jury conviction and sentence under the Sentencing Guidelines for making a false statement to the Farmers Home Administration ("FmHA"), in violation of 18 U.S.C. § 1014. We affirm in part and reverse in part.
 
 
 4
 * Count I of the indictment charged Steward with making false statements to the FmHA by informing the agency that he had received an offer of $200,000 when the offer was actually the stated price" on attached escrow instructions which recited an expected receipt of cash through escrow of $200,000. Steward contends that while he failed to advise the FmHA that he had received a previous offer of $512,000 for both chattels and land, or that he was selling chattel security under a separate agreement, he made no false statement about his plan to sell the land for $200,000. He insists that, under § 1014, an omission is not a false statement.
 
 
 5
 We are persuaded that the letter is far too ambiguous to support Steward's conviction under count I. The word "offer" could very well apply to the offer being made by Steward to the FmHA. The attachment to the letter dated June 20th is, in form, an earnest money agreement, not an offer, and for that reason, count I should not stand. We reverse the conviction under count I.
 
 II
 
 6
 Count III charged Steward with falsely reporting his financial condition to the FmHA in written applications to settle indebtedness. Steward signed these applications, prepared by FmHA agent Mary Arnaudo in connection with the FmHA's offer to settle the outstanding debt, on August 3, 1990. Steward contends that his financial status statements were immaterial to the FmHA's decision to discharge the debt.
 
 
 7
 Materiality is an essential element of a violation of 18 U.S.C. § 1014. United States v. De Rosa, 783 F.2d 1401, 1408 (9th Cir.1986), cert. denied, 477 U.S. 908 (1986). The test for materiality is whether the statement is calculated to induce action or reliance by a federal agency, and (1) could affect or influence the exercise of governmental functions; or (2) has a natural tendency to influence or is capable of influencing agency decision." De Rosa, 783 F.2d at 1408, (quoting United States v. Deep, 497 F.2d 1316, 1321 (9th Cir.1974) (en banc)).
 
 
 8
 Steward alleges that his representations regarding his assets were immaterial to the FmHA's decision-making because the FmHA had processed debt settlement applications without his financial information. In proving statements material, the government need not prove that the agency would have reached a different decision if the defendant had made a truthful statement. United States v. Facchini, 874 F.2d 638, 643 (9th Cir.1989) (en banc). Materiality requires only that a false statement "be capable of having some nontrivial effect on a federal agency." Id.
 
 
 9
 Steward first argues that because the FmHA was processing a release of his liability based on unsigned statements he gave in June 1990, it was immaterial that he lied on statements he signed in July 1990. This argument is without merit. Steward lied to Mary Arnaudo during a telephonic conversation in June, and his statements that he had no real property and was living in an apartment are reflected in the June form completed by Arnaudo.
 
 
 10
 In July, when Steward signed the false statements, his June application for discharge was not completely processed. Arnaudo testified that had the FmHA known that Steward possessed real property or an automobile, it would not have accepted the $100.00 exchange for the discharge. Since July's untruths had, at the very least, the propensity or capacity to influence the FmHA's decision, the lies were material. United States v. Mayberry, 913 F.2d 719 (9th Cir.1990).
 
 
 11
 Steward's argument that the value of his assets was so negligible as to have had no effect upon the agency's discharge decision had they been aware of them is equally meritless. In conjunction with Arnaudo's testimony that she would not have discharged the debt for $100.00 had she known the real state of Steward's affairs, the record establishes that Steward's assets may have been worth as much as $70,000. The Wallin Way property had over $41,000 in equity. The two-year-old Mazda RX7 was purchased for $30,000. In addition, Steward had various office machines and a computer, as well as a $30,000 investment in commodities. There is nothing to indicate that the FmHA, owned hundreds of thousands of dollars, would not have pursued these assets had they been aware of them.
 
 
 12
 Finally, Steward argues that because he was not personally liable on the promissory notes, his concealment of his assets was immaterial. This argument is unpersuasive. The defendant signed the first two notes, totalling in excess of $300,000, on the line marked "borrower," and the last three notes as an "individual." Frank Risso testified as an expert on FmHA lending practices and explained that Steward was liable for the repayment of all monies borrowed. Even if Steward was not liable for the later three loans, his misrepresentations were material since he was not discharged from his liability for the first note.
 
 
 13
 Thus, materiality is satisfied regardless of whether Steward was acting in a personal or corporate capacity.
 
 III
 
 14
 As a general rule, prosecutors are prohibited from vouching for the credibility of government witnesses. United States v. Monroe, 943 F.2d 1007, 1013 (9th Cir.1991), cert. denied, 503 U.S. 971 (1992). Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness' veracity, or suggesting that information not presented to the jury supports the witness' testimony. United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991).
 
 
 15
 Steward asserts that the prosecutor improperly vouched for the veracity of the government's two immunized witnesses, Joyce Steward and Rudy Rivera.[1] The defense counsel's closing argument suggested to the jury that the immunity agreements gave both witnesses a reason to lie and that each had done so. The prosecutor responded:
 
 
 16
 Mr. Wax [sic] says, oh, they had to say what I wanted them to say, immunity. Remember the immunity treatment. We talked about--Mr. Wax [sic] talked about it with them, and they said what's the deal? Alright. I am not going to prosecute you as long as you do not lie. Well now ladies and gentleman, what they've gotten there and stated under oath and said, I did it, I did it. And Daniel Steward would have nothing to do as long as the witnesses told the truth I could not prosecut[e] or seek prosecut[e] them. Because the immunity agreed that so long as you don't lie, you can't be prosecuted. There is absolutely no incentive in the world for these people, although immunized, to lie. Not at all.
 
 
 17
 Supp. RT 60-61. This statement, in which the prosecutor merely restated the immunity agreement, was the only one he made in this regard. Indeed, in his initial closing argument, and again after the above statement, the prosecutor reminded the jury not to rely on the witnesses' testimony "unless it was corroborated and corroborated by document[s]...."
 
 
 18
 Although the government may not vouch for the credibility of its witnesses by presenting the jury with personal assurances of witnesses' veracity, a reference to the "truthful testimony provisions of a witness' agreement with the government does not constitute vouching if it is made in response to an attack on the witness' credibility because of his plea bargain." Monroe, 943 F.2d at 1013. This court has made it clear that references to truthfulness in plea bargains do not constitute vouching when the references are responses to attacks on the witness' credibility because of their plea bargain. United States v. Necoechea, 986 F.2d 1273, 1277 (9th Cir.1993); Monroe, 943 F.2d at 1014; United States v. Kats, 871 F.2d 105 (9th Cir.1989). Thus, the prosecutor's statement, made in response to defense counsel's attack, does not constitute vouching.
 
 
 19
 Even if the prosecutor's statement could be construed as vouching, the district court's jury instructions cured any damage the statement might have caused. The court instructed the jury that statements of witnesses testifying in exchange for immunity should be examined with greater care than testimony of other individuals. This instruction has been held to cure potential prejudice. Kats, 871 F.2d at 107.
 
 
 20
 Moreover, the court must review any error for improper vouching in the context of the entire record to determine whether it rises to the level of "plain error." United States v. Young, 470 U.S. 1, 12-13 (1985); United States v. Wallace, 848 F.2d 1464, 1473 (9th Cir.1988). A consideration of the prosecutor's comments in the context of the entire record compels a conclusion that there was no plain error. Balanced against the numerous warnings to the jury to be critical of the witnesses' testimony, the prosecutor's brief reference to truthfulness in plea bargains does not constitute plain error. Moreover, when considered in the context of defense counsel's repeated attacks upon the witnesses' testimony, the prosecutor's statement is a far cry from cases in which improper vouching has been found.
 
 
 21
 We conclude that the prosecutor did not improperly vouch for his witnesses' veracity.
 
 IV
 
 22
 For the foregoing reasons, we reverse Steward's conviction under count I, affirm the conviction under count III, and remand to the district court for resentencing regarding the loss attributable to Count III. See U.S.S.G. Section 2F1.1. We note that the loss referred to in § 2F1.1(b) for Count III is the loss occasioned in 1990 by inducing the FmHA to forego collection. Thus, the loss is the amount of money that the court determines the FmHA would have collected had Steward not lied about the existence of his assets. This should be distinguished from the loss to the FmHA in 1987 resulting from the concealment of the true sales price.
 
 
 23
 AFFIRMED in part and REVERSED in part and REMANDED for resentencing.
 
 
 
 *
 The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In light of our decision to reverse Count I based on the ambiguity of the statement regarding the offer, we focus our vouching inquiry upon Count III